# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CEDRIC GREENE,<br><br>           Plaintiff,<br><br>v.<br><br>FIRST TO SERVE, INC.,<br><br>           Defendant. | Case No. 24-CV-1555-JPS |
| CEDRIC GREENE,<br><br>           Plaintiff,<br><br>v.<br><br>NEXT DOOR MEDICAL NETWORK, INC.,<br><br>           Defendant. | Case No. 24-CV-1582-JPS |
| CEDRIC GREENE,<br><br>           Plaintiff,<br><br>v.<br><br>EASTSIDE ORTHOPEDIC MEDICAL ASSOCIATES,<br><br>           Defendant. | Case No. 24-CV-1599-JPS |
| CEDRIC GREENE,<br><br>           Plaintiff,<br><br>v.<br><br>RITE AID CULVER CITY,<br><br>           Defendant. | Case No. 24-CV-1672-JPS |

| | |
|---|---|
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>GARLAND COUNTY ARKANSAS,<br><br>                    Defendant. | Case No. 25-CV-26-JPS |
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>GLOBAL CARE MEDICAL GROUP,<br><br>                    Defendant. | Case No. 25-CV-125-JPS |
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>GLOBAL CARE MEDICAL GROUP,<br><br>                    Defendant. | Case No. 25-CV-177-JPS |
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>430 SOUTH LOS ANGELES STREET LLC,<br><br>                    Defendant. | Case No. 25-CV-236-JPS |

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN,<br><br>            Plaintiffs,<br><br>v.<br><br>MV TRANSPORTATION, INC.,<br><br>            Defendant. | Case No. 25-CV-245-JPS<br><br><br>**ORDER** |

## 1.  INTRODUCTION[1]

Plaintiff Cedric Greene ("Greene"), a California resident proceeding pro se, filed or removed the nine above-captioned actions between December 2024 and February 2025. Greene filed Amended Complaints in three cases. 24-CV-1555, ECF No. 6; 24-CV-1582, ECF No. 6; and 24-CV-1599, ECF No. 6. Greene also moved for leave to proceed without prepaying the filing fee in each action. 24-CV-1555, ECF No. 2; 24-CV-1582, ECF No. 2; 24-CV-1599, ECF No. 2; 24-CV-1672, ECF No. 2; 25-CV-26, ECF No. 2; 25-CV-125, ECF No. 2; 25-CV-177, ECF No. 2; 25-CV-236, ECF No. 2; and 25-CV-245, ECF No. 2. On January 22, 2025, Greene moved for criminal review and investigation in 25-CV-26. ECF No. 4. Each of these motions was considered by Magistrate Judge Stephen C. Dries, who issued report and

---

[1]Except where otherwise noted, citations to filings in Case No. 24-CV-1555-JPS will be delineated "24-CV-1555, ECF No. __," citations to filings in Case No. 24-CV-1582-JPS will be delineated "24-CV-1582, ECF No. __," citations to filings in Case No. 24-CV-1599-JPS will be delineated "24-CV-1599, ECF No. __," citations to filings in Case No. 24-CV-1672-JPS will be delineated "24-CV-1672, ECF No. __," citations to filings in Case No. 25-CV-26-JPS will be delineated "25-CV-26, ECF No. __," citations to filings in Case No. 25-CV-125-JPS will be delineated "25-CV-125, ECF No. __," citations to filings in Case No. 25-CV-177-JPS will be delineated "25-CV-177, ECF No. __," citations to filings in Case No. 25-CV-236-JPS will be delineated "25-CV-236-JPS, ECF No. __," and citations to filings in Case No. 25-CV-245-JPS will be delineated "25-CV-245, ECF No. __."

recommendations ("R&Rs") as to each motion and further recommended that each case be dismissed (or in some cases, remanded to state court). 24-CV-1555, ECF No. 7; 24-CV-1582, ECF No. 7; 24-CV-1599, ECF No. 7; 24-CV-1672, ECF No. 5; 25-CV-26, ECF No. 6; 25-CV-125, ECF No. 4; 25-CV-177, ECF No. 4; 25-CV-236, ECF No. 4; and 25-CV-245, ECF No. 4. These R&Rs are now before the Court. For the reasons discussed herein, the Court will adopt all nine R&Rs, impose a filing bar, and sanction Greene with a monetary fine in the amount of $7,500.00.

## 2. LEGAL STANDARD AND RELEVANT PROCEDURAL HISTORY

### 2.1 Standard for Review of the R&Rs as Applied to Greene

In the R&Rs, Magistrate Judge Dries advised Greene that "objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation," and that "[f]ailure to file a timely objection with the district judge shall result in a waiver to your right of appeal." 24-CV-1555, ECF No. 7 at 2–3; 24-CV-1582, ECF No. 7 at 2; 24-CV-1599, ECF No. 7 at 2; 24-CV-1672, ECF No. 5 at 2; 25-CV-26, ECF No. 6 at 2–3; 25-CV-125, ECF No. 4 at 2–3; 25-CV-177, ECF No. 4 at 2; 25-CV-236, ECF No. 4 at 2–3; and 25-CV-245, ECF No. 4 at 3 (each citing 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and Gen. L.R. 72(c)). In the time since each R&R was issued, Greene has not filed any objections to any of the R&Rs.

For R&Rs to which no objections are made, the Court reviews the R&R for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made. If no objection or only partial

objection is made, the district court judge reviews those unobjected portions for clear error." (citing *Goffman v. Goss*, 59 F.3d 668, 671 (7th Cir. 1995) and *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974))); *see also Hollerway v. Spiegel*, No. 23-1137, 2024 WL 278910, at *2 (7th Cir. Jan. 25, 2024) (the Seventh Circuit deemed waived any challenge to the R&R because the party did not properly object to its findings). "Clear error is an extremely deferential standard of review[] and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

In contrast, "the Court is obliged to analyze *de novo* 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Wicks*, No. 20-CR-143-JPS, 2021 WL 4786307, at *1 (E.D. Wis. Oct. 13, 2021) (quoting 28 U.S.C. § 636(b)(1)(C)). The Seventh Circuit has explained that

> [d]e novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 683 n.11 (1980)). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Id.* "That said, '[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the

district judge makes the ultimate decision to adopt, reject, or modify it.'" *Farmer v. DirectSat USA*, No. 08-CV-3962, 2015 WL 13310280, at *2 (N.D. Ill. Sept. 24, 2015) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)).

On February 21, 2025, the Seventh Circuit effectively barred Greene from filing any papers with any district court in the circuit by ordering that any filings be returned to him unfiled until he fully paid a $500.00 monetary sanction. *See Greene v. St. Nicholas Med. Grp.*, No. 24-3268, ECF No. 14 (7th Cir. Feb. 21, 2025) ("*Mack* Order"). This affected Greene's ability to object in five of the nine above-captioned cases, where the time for any objection extended beyond the February 21, 2025 filing bar or the R&R was not yet issued prior to that date. 24-CV-1555, ECF No. 7 (issued Feb. 21, 2025); 24-CV-1582, ECF No. 7 (issued Feb. 21, 2025); 24-CV-1599, ECF No. 7 (issued Feb. 21, 2025); 25-CV-236, ECF No. 4 (issued Mar. 7, 2025); and 25-CV-245, ECF No. 4 (issued Mar. 7, 2025). Because Greene was barred from filing any objections in these cases and the Court must give pro se pleadings a liberal construction, *Kelsay v. Milwaukee Area Technical College*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citation omitted), the Court will presume that Greene would have objected to the R&Rs if not for the *Mack* Order and will accordingly review those R&Rs de novo. The Court will, in contrast, review for clear error the R&Rs to which Greene could have but chose not to object. 24-CV-1672, ECF No. 5 (issued Feb. 4, 2025); 25-CV-26, ECF No. 6 (issued Feb. 4, 2025); 25-CV-125, ECF No. 4 (issued Feb. 4, 2025); 25-CV-177, ECF No. 4 (issued Feb. 6, 2025).

### 2.2    Standard for Screening a Complaint

A party proceeding pro se may submit to the court a request to proceed without prepaying the required filing fees, otherwise known as a

motion to proceed in forma pauperis.[2] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. First, it must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the Court must examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*,

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

To state a claim, a complaint must provide a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal modifications omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay*, 825 F. Supp. at 217 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3. REVIEW OF THE REPORT AND RECOMMENDATIONS

#### 3.1 Case No. 24-CV-1555[3]

##### 3.1.1 Factual Allegations[4]

Greene alleges that Defendant First to Serve, Inc. ("First to Serve"), a homeless shelter in Los Angeles, California, wrongfully discharged him from their shelter after he defended himself from an attack by another sheltered person. ECF No. 1 at 3–4. Greene also alleges that First to Serve violated his right to secure housing by neglecting to refer him to another homeless shelter in the area and further wronged him by refusing to speak with the representatives who had arranged for his stay at First to Serve. *Id.* at 4; ECF No. 6 at 3. Greene is seeking $200,000.00 in damages "for First [t]o Serve's malice acts and intent." ECF No. 1 at 4.

Greene also requests that the Court transfer a related state court case to this branch of the Court. *See id.* at 2, 4; ECF No. 6 at 4.

##### 3.1.2 Procedural History

Greene filed his original complaint in this matter in December 2024. ECF No. 1. Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. Magistrate Judge Dries ordered Greene to supplement his complaint in January 2025, explaining that the complaint did not establish that the Court has subject-matter jurisdiction over the underlying action, and that without it, the case must be dismissed. ECF No. 5. Greene then filed a supplement (titled "Amended Complaint" on the docket), which provided little additional information about subject-matter jurisdiction

---

[3]Citations to filings in this section will pertain to Case No. 24-CV-1555-JPS unless specifically delineated as pertaining to another case.

[4]The Court will consider allegations in both Greene's original complaint, ECF No. 1, and in his "Amended Complaint," ECF No. 6, or—as Magistrate Judge Dries titled it—his "supplement," ECF No. 5 at 2.

other than First to Serve's citizenship and the assertion that Greene was "suing for a violation of federal law under 28 U.S.C. § 1331." ECF No. 6 at 4. Magistrate Judge Dries then issued an R&R that the case be dismissed for lack of subject-matter jurisdiction. ECF No. 7.

### 3.1.3 Analysis

Because Greene was barred from objecting to the R&R in this case, the Court reviews the R&R de novo. *See supra* Section 2.

In the R&R, Magistrate Judge Dries correctly noted that "[u]nder § 1331, district courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" ECF No. 7 at 1. The R&R concluded, however, that Greene's complaints had no "discernable tie[s] to a[ny] federal cause of action." *Id.* The R&R also considered whether Greene had successfully alleged diversity jurisdiction, concluding that he had not. *Id.* at 2. Accordingly, the R&R stated that this action must be dismissed. *Id.* (citing Fed. R. Civ. Pro. 12(h)(3)). Because the case must be dismissed, the R&R recommended denying Greene's motion to proceed in forma pauperis as moot. *Id.* The Court agrees with the R&R's conclusions and will accordingly adopt it in full.

"Federal courts are courts of limited jurisdiction; they may hear and decide a case only if that case involves specific 'subject matter.'" *McCaigue v. Edwards*, No. 23-CV-1225-PP, 2025 WL 959095, at *12 (E.D. Wis. Mar. 31, 2025); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). While Greene purportedly brings his claims against First to Serve under 28 U.S.C. § 1331, his allegations fail to support any federal claim. The only right he mentions at all, in fact, is the "right to secure housing," which is *not* federally codified. There is no right to secure housing in the Constitution or federal statutes. Such a right is not

enumerated in the Bill of Rights or any Constitutional Amendments, nor has the Supreme Court found such a right to exist in any case to date. The Fair Housing Act, 42 U.S.C. §§ 3601 et seq., protects against discrimination based on protected classes such as race, color, religion, sex, familial status or national origin. It does not, however, guarantee "secure housing" as a federal right. Greene alleges that First to Serve discharged him from its shelter after he was involved in a physical altercation with another sheltered person. He has no federal cause of action stemming from these facts, and thus the Court does not have jurisdiction over his case based on a federal question. *City of Beloit v. Loc. 643 of Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 248 F.3d 650, 652 (7th Cir. 2001) (jurisdiction under § 1331 only exists if a federal question is "evident from the face of the complaint" (citations omitted)).

Federal courts also have subject-matter jurisdiction over disputes between citizens of different states, where the amount in controversy is over $75,000.00. 28 U.S.C. § 1332; *Eichmann v. Hunter Automated Machinery, Inc.*, 167 F. Supp. 2d 1070, 1071–72 (E.D. Wis. 2001) (for subject-matter jurisdiction to exist under § 1332, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'" (citing *Vandervest v. Wis. Cent., Ltd.*, 936 F. Supp. 601, 603 (E.D. Wis. 1996))). Greene's Amended Complaint asserts that First to Serve is a citizen of California. ECF No. 6 at 1–2. By contrast, Greene puts question marks by his own citizenship, providing only that his mailing address is in California. *Id.* at 1. As the R&R points out, the Amended Complaint "does not propose an alternative domicile or otherwise suggest that [Greene's] citizenship is different from his mailing address." ECF No. 7 at 2. Greene's submissions tend to show

that Greene and First to Serve are both citizens of California, which defeats diversity citizenship.

Because the Court lacks subject-matter jurisdiction, it must dismiss this case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, because this action will stand dismissed, the Court will also deny Greene's motion to proceed in forma pauperis as moot.

### 3.2 Case No. 24-CV-1582[5]

#### 3.2.1 Factual Allegations[6]

Greene brings this action against Defendant Next Door Medical Network, Inc. ("Next Door") for "[i]ntentional [m]isconduct and [n]egligence," arising out of Next Door's alleged failures to timely send a podiatry referral order to Greene's medical group. ECF No. 1 at 2–4. Specifically, Greene alleges that he saw a provider at Next Door on November 9, 2023 and asked urgently for a podiatry referral, but Next Door did not send the referral to his medical group until November 21, 2023, twelve days later. *Id.* at 2–3. Greene further states that "reliable sources" informed him that when Next Door did send the referral to his medical group, it faxed an incomplete form, lacking information. *Id.* at 3. Then, on November 24, 2023, Greene reached out to Next Door about the incomplete referral, and it waited until November 28, 2023 to send the corrected referral to his medical group. *Id.* Greene seeks $75,000.00 in monetary damages from Next Door. *Id.* at 4.

---

[5]Citations to filings in this section will pertain to Case No. 24-CV-1582-JPS unless specifically delineated as pertaining to another case.

[6]The Court will consider allegations in both Greene's original complaint, ECF No. 1, and in his "Amended Complaint," ECF No. 6, or—as Magistrate Judge Dries titled it—his "supplement," *see* ECF No. 5 at 2.

### 3.2.2    Procedural History

Greene filed his original complaint in this matter in December 2024. ECF No. 1. Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. Magistrate Judge Dries ordered Greene to supplement his complaint in January 2025, explaining that the complaint did not establish that this branch has subject-matter jurisdiction over the underlying action, and that without it, the case must be dismissed. ECF No. 5. Greene then filed a supplement (titled "Amended Complaint" on the docket), which provided little additional information about subject-matter jurisdiction other than Next Door's citizenship and the assertion that Greene was suing on the basis of diversity jurisdiction. ECF No. 6 at 4. Magistrate Judge Dries then issued an R&R that the case be dismissed for lack of subject-matter jurisdiction. ECF No. 7.

### 3.2.3    Analysis

Because Greene was barred from objecting to the R&R in this case, the Court reviews the R&R de novo. *See supra* Section 2.

The R&R concluded that this case must be dismissed because Greene failed to establish subject-matter jurisdiction. ECF No. 7. Because it found that the case must be dismissed, the R&R recommended denying Greene's motion to proceed in forma pauperis as moot. *Id.* The Court agrees with the R&R's conclusions and will accordingly adopt it in full.

As discussed *supra* Section 3.1.3, federal courts have original jurisdiction in only two scenarios: (1) when a federal question is apparent from the face of the complaint or (2) when there is complete diversity between the plaintiffs and defendants and the amount in controversy is more than $75,000.00. *See id.*; 28 U.S.C. §§ 1331, 1332(a)(1). In this case, Greene does not allege that federal law applies to his case, nor can the Court

discern any federal cause of action based on his complaints. Instead, Greene purports to proceed under diversity jurisdiction. ECF No. 6 at 4. Greene fails to allege facts to support diversity jurisdiction, however.

Greene's Amended Complaint asserts that Next Door is a citizen of California. ECF No. 6 at 1–2. By contrast, Greene puts question marks by his own citizenship, providing only that his mailing address is in California. *Id.* at 1. In another section of his Amended Complaint, however, Greene states that he "considers himself to be a citizen from a different state from the mailing address" provided. *Id.* at 4. Greene fails to provide the state of which he does consider himself a citizen, and he fails to provide any facts to support that his citizenship lies outside California. *See generally id.* The R&R makes the apt observation that Greene's statement about his citizenship "appears to be an attempt to avoid the inevitable conclusion that this action is not between citizens of different states." ECF No. 7 at 1–2.

Because Greene has failed to plead diversity citizenship between himself and Next Door, the Court concludes that it lacks subject-matter jurisdiction and will dismiss this case. Fed. R. Civ. P. 12(h)(3); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (describing that a complaint may fail to plead subject-matter jurisdiction). Further, because this action will stand dismissed, the Court will also deny Greene's motion to proceed in forma pauperis as moot.

### 3.3    Case No. 24-CV-1599[7]

#### 3.3.1    Factual Allegations[8]

Greene brings this action against Defendant Eastside Orthopedic Medical Associates ("Eastside Orthopedic"), alleging that it delayed and ultimately denied him medical care. ECF No. 1 at 3–4. Specifically, Greene alleges that, on May 5, 2020, his medical group issued an authorization letter for him to receive pain management treatment at Eastside Orthopedic. *Id.* at 3. Eastside Orthopedic then requested medical records, presumably from Greene, which "were provided." *Id.* Greene's past medical group reached out to Eastside Orthopedic on July 1, 2020 "in efforts to schedule him an appointment" with a pain management doctor there, and at that time Eastside Orthopedic informed Greene's medical group that "they would rather . . . Greene . . . be treated at another location." *Id.* Greene seeks $100,000.00 in damages from Eastside Orthopedic for its denial of his medical care. *Id.* at 4.

#### 3.3.2    Procedural History

Greene filed his original complaint in this matter in December 2024. ECF No. 1. Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. Magistrate Judge Dries ordered Greene to supplement his complaint in January 2025, explaining that the complaint did not establish that this branch has subject-matter jurisdiction over the underlying action, and that without it, the case must be dismissed. ECF No. 5. Greene then filed a supplement (titled "Amended Complaint" on the docket), which

---

[7]Citations to filings in this section will pertain to Case No. 24-CV-1599-JPS unless specifically delineated as pertaining to another case.

[8]The Court will consider allegations in both Greene's original complaint, ECF No. 1, and in his "Amended Complaint," ECF No. 6, or—as Magistrate Judge Dries titled it—his "supplement," *see* ECF No. 5 at 2.

provided little additional information about subject-matter jurisdiction other than Eastside Orthopedic's citizenship and the assertion that Greene was suing on the basis of diversity jurisdiction. ECF No. 6 at 4. Magistrate Judge Dries then issued an R&R that the case be dismissed for lack of subject-matter jurisdiction. ECF No. 7.

### 3.3.3 Analysis

Because Greene was barred from objecting to the R&R in this case, the Court reviews the R&R de novo. *See supra* Section 2.

The R&R concluded that this case must be dismissed because Greene failed to establish subject-matter jurisdiction. ECF No. 7. Because it found that the case must be dismissed, the R&R recommended denying Greene's motion to proceed in forma pauperis as moot. *Id.* The Court agrees with the R&R's conclusions and will accordingly adopt it in full.

As discussed *supra* Section 3.1.3, federal courts have original jurisdiction in only two scenarios: (1) when a federal question is apparent from the face of the complaint or (2) when there is complete diversity between the plaintiffs and defendants and the amount in controversy is more than $75,000.00. *See id.*; 28 U.S.C. §§ 1331, 1332(a)(1). In this case, Greene does not allege that federal law applies to his case, nor can the Court discern any federal cause of action based on his complaints. Instead, Greene purports to proceed under diversity jurisdiction. ECF No. 6 at 4. Greene fails to allege facts to support diversity jurisdiction, however.

Greene's Amended Complaint asserts that Eastside Orthopedic is a citizen of California. ECF No. 6 at 1–2. By contrast, Greene writes "Question Mark" by his own citizenship, providing only that his mailing address is in California. *Id.* at 1. In another section of his Amended Complaint, however, Greene states that he "considers himself to be a citizen of a different state

from Eastside Orthopedic." *Id.* at 4. Greene fails to provide the state of which he does consider himself a citizen, and he fails to provide any facts to support that his citizenship lies outside California. *See generally id.* The R&R observes that Greene's statement about his citizenship appears to be an attempt to get around the issue of diversity between Greene and Eastside Orthopedic. ECF No. 7 at 2.

Because Greene has failed to plead diversity citizenship between himself and Eastside Orthopedic, the Court concludes that it lacks subject-matter jurisdiction and will dismiss this case. *See* Fed. R. Civ. P. 12(h)(3); *see also Apex Digital*, 572 F.3d at 443. Further, because this action will stand dismissed, the Court will also deny Greene's motion to proceed in forma pauperis as moot.

### 3.4    Case No. 24-CV-1672[9]

#### 3.4.1    Factual Allegations

Greene bring this action against Defendant Rite Aid Culver City ("Rite Aid"), a pharmacy and store, related to an incident that occurred in November 2024. ECF No. 1. Greene alleges that he patronized Rite Aid at that time to pick up his medication, but the pharmacy clerk "wasn't giving Greene proper customer service" and then "threatened Greene at the counter." *Id.* at 2. At some point during this interaction or shortly after, a pharmacy manager called the local police about Greene, telling them that he was "threatening employees" and giving them Greene's description. *Id.* Greene seeks $70,000.00 in monetary damages from Rite Aid. *Id.*

---

[9]Citations to filings in this section will pertain to Case No. 24-CV-1672-JPS unless specifically delineated as pertaining to another case.

### 3.4.2   Procedural History

Greene filed this action in December 2024. ECF No. 1. Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. In February 2025, Magistrate Judge Dries issued an R&R, concluding that the case should be dismissed for lack of subject-matter jurisdiction. ECF No. 5.

### 3.4.3   Analysis

Because Greene had opportunity to object to the R&R in this case but chose not to, the Court will review it for clear error. *See supra* Section 2.

The R&R first considers whether Greene's complaint appears to present a federal question, concluding that it does not. ECF No. 5 at 2. It further considers whether the Court may have subject-matter jurisdiction based on diversity jurisdiction but again concludes that it does not because the amount in controversy is only $70,000.00—less than the $75,000.00 threshold—and the parties appear to be citizens of the same state. *Id.* It accordingly recommends that the case be dismissed for lack of subject-matter jurisdiction. *Id.* Lastly, the R&R suggests that Greene's motion to proceed in forma pauperis should be denied as moot because the case must be dismissed. *Id.* The Court finds no clear error in Magistrate Judge Dries' reasoning and will accordingly adopt the R&R in full.

### 3.5   Case No. 25-CV-26[10]

### 3.5.1   Factual Allegations

Greene brought the underlying case in Nevada state court against Defendant Garland County, Arkansas ("Garland County"), alleging that Garland County failed to adequately communicate with him about the criminal investigation of an "unknown perpetrator" who stabbed him in

---

[10]Citations to filings in this section will pertain to Case No. 25-CV-26-JPS unless specifically delineated as pertaining to another case.

the neck and caused near-fatal wounds. ECF No. 1-1 at 14–16. Greene alleges that the perpetrator convinced Garland County that Greene did not want to press charges and ultimately was not prosecuted. *Id.* Greene's requested relief is for "the State of Nevada to use its resources" to open a criminal case and prosecute the individual who stabbed him. *Id.* at 16. Greene's complaint suggests that he has already brought the same or a similar complaint before a federal or state court in Colorado and before the Sixth Circuit (though it is unclear in what district court, if any, he filed a case before appealing to the Sixth Circuit). *See id.* at 14.

### 3.5.2   Procedural History

Greene filed a notice of removal for State of Nevada Appeal No. 88786-COA, First Judicial District Court, Carson City Case No. 24TRT00005 1B, in January 2025. ECF No. 1; ECF No. 1-1 at 5; *see also* Appellate Case Management                              System,                              C-TRACK, https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=69928 (last visited Apr. 22, 2025).[11] Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. Later that month, Greene moved for "criminal review and investigation" of the facts alleged. ECF No. 4. In Greene's notice of removal, he took issue with several of the Nevada state court's orders, including one striking his motion to dismiss the case for failure to comply with state service requirements. *See* ECF No. 1 at 2–3; ECF No. 1-1 at 2–3. In February 2025, Magistrate Judge Dries issued an R&R, concluding that the case should be remanded to Nevada state court pursuant to 28 U.S.C. § 1447(c) or alternatively dismissed for lack of subject-

---

[11]While the Court could confirm the district case number via C-Track, Nevada does not have an electronic case management system that provides access to the state and municipal cases. Accordingly, the Court is uncertain whether the underlying case (No. 24TRT00005 1B) is currently open or closed.

matter jurisdiction, that Greene's motion to proceed in forma pauperis should be denied as moot, and that his motion for criminal review and investigation be denied. ECF No. 6.

### 3.5.3 Analysis

Because Greene had opportunity to object to the R&R in this case but chose not to, the Court will review it for clear error. *See supra* Section 2.

The R&R concluded that this case should be remanded to the appropriate Nevada state court because Greene's notice of removal was defective for multiple reasons. First, Magistrate Judge Dries noted that it is the defendant in a state action, not the plaintiff, who is permitted to remove an action to federal court. ECF No. 6 at 2 (citing *Chi. Rock Island & Pac. R. R. Co. v. Stude*, 346 U.S. 574, 578–80 (1954) and *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–09 (1941)); *see also* 28 U.S.C. § 1446(a). Second, he noted that 28 U.S.C. § 1441(a) permits removal to federal court only when the Court has original jurisdiction (based on either diversity or federal question, *see supra* Section 3.1.3), and that the Court does not appear to have jurisdiction here: Greene's underlying tort claim appears to sound in state—rather than federal—law, and Greene does not allege an amount in controversy greater than $75,000.00 such that diversity jurisdiction would apply. *Id.* at 1–2. Lastly, Magistrate Judge Dries noted that the Court does not have authority to grant Greene the relief he seeks; it cannot order any state to pursue criminal charges, certainly not for an out-of-state assault. *Id.* at 2.

The R&R further concluded that, because the case should be remanded to Nevada state court or otherwise dismissed, Greene's motion to proceed in forma pauperis should be denied as moot, and his motion for criminal review and investigation should be denied. *Id.*

Because the Court finds no clear error in any of the R&R's reasoning, it will adopt the R&R in full and remand the case to Nevada's First Judicial District Court, Carson City. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### 3.6    Case No. 25-CV-125[12]

#### 3.6.1    Factual Allegations

Greene brought the underlying case in Nevada state court against Defendant Global Care Medical Group ("Global Care"), alleging that Global Care declined to issue Greene a Continuous Positive Airway Pressure (CPAP) machine after it had been prescribed to him. ECF No. 1-1 at 13. Greene filed a complaint with the Department of Managed Health Care of California, but that matter was closed just two days later due to incomplete information. *Id.* at 13–14. Greene seeks monetary damages of an unspecified amount from Global Care. *Id.* at 14.

#### 3.6.2    Procedural History

Greene filed a notice of removal for State of Nevada Appeal No. 87903, Eighth Judicial District Court, Clark County Case No. A871563, in January 2025. ECF No. 1; ECF No. 1-1 at 2, 6; *see also* Appellate Case Management                    System,                    C-TRACK, https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=69259 (last visited Apr. 22, 2025).[13] Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. In Greene's notice of removal, he took issue with an order from the Nevada Supreme Court striking his petition

---

[12]Citations to filings in this section will pertain to Case No. 25-CV-125-JPS unless specifically delineated as pertaining to another case.

[13]While the Court could confirm the district case number via C-Track, it is uncertain whether the case is currently open or closed. *See supra* note 11.

for review due to failure to comply with the Nevada Rules of Appellate Procedure. *See* ECF No. 1 at 2; ECF No. 1-1 at 10. In February 2025, Magistrate Judge Dries issued an R&R, concluding that the case should be remanded to Nevada state court pursuant to 28 U.S.C. § 1447(c) or alternatively dismissed for lack of subject-matter jurisdiction and that Greene's motion to proceed in forma pauperis should be denied as moot. ECF No. 4.

### 3.6.3 Analysis

Because Greene had opportunity to object to the R&R in this case but chose not to, the Court will review it for clear error. *See supra* Section 2.

The R&R concluded that this case should be remanded to the appropriate Nevada state court because Greene's notice of removal was defective for multiple reasons. First, Magistrate Judge Dries noted that it is the defendant in a state action, not the plaintiff, who is permitted to remove an action to federal court. ECF No. 4 at 2 (citing *Chi. Rock Island*, 346 U.S. at 578–80 and *Shamrock Oil*, 313 U.S. at 104–09); *see also* 28 U.S.C. § 1446(a). Second, he noted that 28 U.S.C. § 1441(a) permits removal to federal court only when the Court has original jurisdiction (based on either diversity or federal question, *see supra* Section 3.1.3), and that the Court does not appear to have jurisdiction here: Greene does not allege an amount in controversy greater than $75,000.00 such that diversity jurisdiction would apply. *Id.* at 1–2. The Court adds that Greene's complaint does not raise a federal cause of action, so federal question jurisdiction is likewise not applicable. Lastly, Magistrate Judge Dries noted that, even if Greene could cure these deficiencies, this case "does not appear to have any connection to Wisconsin," so venue in this District is improper. *Id.* at 2 (citing 28 U.S.C. § 1391).

The R&R further concluded that, because the case should be remanded to Nevada state court, Greene's motion to proceed in forma pauperis should be denied as moot. *Id.*

Because the Court finds no clear error in any of the R&R's reasoning, it will adopt the R&R in full, remanding the case to Nevada's Eighth Judicial District, Clark County. *See* 28 U.S.C. § 1447(c).

### 3.7     Case No. 25-CV-177[14]

#### 3.7.1    Factual Allegations

Greene brought the underlying case in Nevada state court against Global Care (the same Defendant named in 25-CV-125, *see supra* Section 3.6) alleging that Global Care declined to expand its referral for pain management to specialists outside of its network for Greene. ECF No. 1-1 at 12. Greene also alleges that Global Care failed to update his contact information in their system. *Id.* at 13. Greene seeks monetary damages of an unspecified amount from Global Care. *Id.* at 14.

#### 3.7.2    Procedural History

Greene filed a notice of removal for State of Nevada Appeal No. 87696, Eighth Judicial District, Clark County District Court Case No. A869217, in February 2025. ECF No. 1; ECF No. 1-1 at 2; *see also* Appellate Case Management System, C-TRACK, https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=68625 (last visited Apr. 22, 2025).[15] Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. In Greene's notice of removal, he took issue with an order from the Nevada Supreme Court striking his motion to

---

[14]Citations to filings in this section will pertain to Case No. 25-CV-177-JPS unless specifically delineated as pertaining to another case.

[15]While the Court could confirm the district case number via C-Track, it is uncertain whether the case is currently open or closed. *See supra* note 11.

transfer for failure to provide adequate proof of service. *See* ECF No. 1 at 2; ECF No. 1-1 at 4. In February 2025, Magistrate Judge Dries issued an R&R, concluding that the case should be remanded to Nevada state court pursuant to 28 U.S.C. § 1447(c) or alternatively dismissed for lack of subject-matter jurisdiction and that Greene's motion to proceed in forma pauperis should be denied as moot. ECF No. 4.

### 3.7.3 Analysis

Because Greene had opportunity to object to the R&R in this case but chose not to, the Court will review it for clear error. *See supra* Section 2.

The R&R concluded that this case should be remanded to the appropriate Nevada state court because Greene's notice of removal was defective for multiple reasons. First, Magistrate Judge Dries noted that it is the defendant in a state action, not the plaintiff, who is permitted to remove an action to federal court. ECF No. 4 at 2 (citing *Chi. Rock Island*, 346 U.S. at 578–80 and *Shamrock Oil*, 313 U.S. at 104–09); *see also* 28 U.S.C. § 1446(a). Second, he noted that 28 U.S.C. § 1441(a) permits removal to federal court only when the Court has original jurisdiction (based on either diversity or federal question, *see supra* Section 3.1.3), and that the Court does not appear to have jurisdiction here: Greene does not allege an amount in controversy greater than $75,000.00 such that diversity jurisdiction would apply. *Id.* at 1–2. The Court adds that Greene's complaint does not raise a federal cause of action, so federal question jurisdiction is likewise not applicable. *Id.* at 2. Lastly, Magistrate Judge Dries noted that the underlying action has no apparent connection to Wisconsin. *Id.*

The R&R further concluded that, because the case should be remanded to Nevada state court, Greene's motion to proceed in forma pauperis should be denied as moot. *Id.*

Because the Court finds no clear error in any of the R&R's reasoning, it will adopt the R&R in full and remand to Nevada's Eighth Judicial District Court, Clark County. *See* 28 U.S.C. § 1447(c).

### 3.8 Case No. 25-CV-236[16]

#### 3.8.1 Factual Allegations

Greene brings this action against Defendant 430 South Los Angeles Street, LLC ("430 South"), a purported parking structure that employed three men who allegedly assaulted Greene in December 2021. ECF No. 1 at 2–3. Greene managed to get away and call the local police, who arrived, talked with Greene, and created a police report. *Id.* at 2. Greene states that he "presented" the claim against 430 South "to the City of Los Angeles," but that it was delayed because Greene thought that criminal charges would be brought by the city prosecutor. *Id.* at 2–3. Greene's allegations suggest that the City of Los Angeles declined to pursue his claim because it was not filed in a timely manner, but it encouraged him to seek relief from an appropriate court. *Id.* at 3. Greene seeks injunctive relief to relieve "him from the provisions of the Government Codes." *Id.* at 4. He also alludes to seeking money damages at some point in the future. *Id.*

#### 3.8.2 Procedural History

Greene filed this action in February 2025. ECF No. 1. Greene also filed a motion to proceed in forma pauperis at that time. ECF No. 2. In March 2025, Magistrate Judge Dries issued an R&R, concluding that the case should be dismissed for lack of subject-matter jurisdiction and that Greene's motion to proceed in forma pauperis should be denied as moot. ECF No. 4.

---

[16]Citations to filings in this section will pertain to Case No. 25-CV-236-JPS unless specifically delineated as pertaining to another case.

### 3.8.3   Analysis

Because Greene was barred from objecting to the R&R in this case, the Court reviews the R&R de novo. *See supra* Section 2.

The R&R concluded that this case must be dismissed because Greene failed to establish subject-matter jurisdiction. ECF No. 4. Because it found that the case must be dismissed, the R&R recommended denying Greene's motion to proceed in forma pauperis as moot. *Id.* at 2. The Court agrees with the R&R's conclusions and will accordingly adopt it in full.

As discussed *supra* Section 3.1.3, federal courts have original jurisdiction in only two scenarios: (1) when a federal question is apparent from the face of the complaint or (2) when there is complete diversity between the plaintiffs and defendants and the amount in controversy is more than $75,000.00. *See id.*; 28 U.S.C. §§ 1331, 1332(a)(1). While Greene purportedly brings his claims against 430 South under 28 U.S.C. § 1331, ECF No. 1 at 4, his allegations do not correspond to any federal claim, and thus the Court does not have jurisdiction over his case based on a federal question. *City of Beloit*, 248 F.3d at 652.

Greene's complaint likewise fails to establish diversity jurisdiction, not just because it appears that he and 430 South are both citizens of California, but also because he does not allege an amount in controversy exceeding $75,000.00. *See* ECF No. 1 at 1–2; 4.

Because the Court concludes that it lacks subject-matter jurisdiction over Greene's dispute with 430 South, it will dismiss this case. *See* Fed. R. Civ. P. 12(h)(3); *see also Apex Digital*, 572 F.3d at 443. Further, because this action will stand dismissed, the Court will also deny Greene's motion to proceed in forma pauperis as moot.

### 3.9    Case No. 25-CV-245[17]

#### 3.9.1    Factual Allegations

Greene and his spouse, Valerie Stephen ("Stephen") bring this action against Defendant MV Transportation, Inc. ("MV Transportation"), alleging that the driver for an MV Transportation bus with a route through Los Angeles refused to proceed with the route with Greene and Stephen onboard because Greene had an open rolling cart. ECF No. 1 at 2–3. Greene and Stephen further allege that they later discussed the incident with the same bus driver, who called Greene a "[b]itch." *Id.* at 3.

#### 3.9.2    Procedural History

Greene and Stephen filed this case in February 2025, alongside a motion to proceed in forma pauperis. ECF Nos. 1 and 2. The Court notes that, while Greene's complaint lists Stephen as a co-plaintiff, the complaint and the motion to proceed in forma pauperis are only signed by Greene. *See id*. Magistrate Judge Dries later issued an R&R concluding that the case should be dismissed for lack of subject-matter jurisdiction, and that Greene and Stephen's motion to proceed in forma pauperis should be denied as moot. ECF No. 4.

#### 3.9.3    Analysis

Because Greene was barred from objecting to the R&R in this case, the Court reviews the R&R de novo. *See supra* Section 2.

The R&R concluded that this case must be dismissed because Greene failed to establish subject-matter jurisdiction. ECF No. 4. Because it found that the case must be dismissed, the R&R recommended denying Greene's

---

[17]Citations to filings in this section will pertain to Case No. 25-CV-245-JPS unless specifically delineated as pertaining to another case.

motion to proceed in forma pauperis as moot. *Id.* The Court agrees with the R&R's conclusions and will accordingly adopt it in full.

As discussed *supra* Section 3.1.3, federal courts have original jurisdiction in only two scenarios: (1) when a federal question is apparent from the face of the complaint or (2) when there is complete diversity between the plaintiffs and defendants and the amount in controversy is more than $75,000.00. *See id.*; 28 U.S.C. §§ 1331, 1332(a)(1). Greene does not allege that federal law applies to this case, nor can the Court discern any federal cause of action based on his complaint. Instead, Greene purports to proceed under diversity jurisdiction. ECF No. 1 at 4. Greene, however, fails to allege facts to support diversity jurisdiction.

Greene asserts that MV Transportation is a citizen of Texas. ECF No. 1 at 1–2. By contrast, Greene lists his own citizenship as "[u]nknown," providing only that his mailing address is in California. *Id.* at 1. In another section of his complaint, however, Greene states that he "doesn't consider himself a citizen of the state where the damage occurred," in this case, California. *Id.* at 4. Greene fails to provide the state of which he does consider himself a citizen, and he fails to provide any facts to support that citizenship. *See generally id.* Even if Greene did establish his citizenship as California or some state other than Texas, he still cannot proceed in federal court on diversity jurisdiction because he does not allege an amount in controversy exceeding $75,000.00. *See id.* at 4 (describing "plans to sue for money damages in U.S. District Court at a later date").

Because Greene has failed to plead diversity citizenship between himself and MV Transportation, the Court concludes that it lacks subject-matter jurisdiction and will dismiss this case. *See* Fed. R. Civ. P. 12(h)(3); *see also Apex Digital*, 572 F.3d at 443. The Court notes that allowing Greene to

amend would be futile here. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (a court need not grant leave to amend when "any amendment would be futile or otherwise unwarranted (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004))). Even if he could plausibly plead damages exceeding $75,000.00, venue is improper in this District because the case has no apparent connection to Wisconsin, *see* 28 U.S.C. § 1391, and Greene's allegations appear to be frivolous in nature, *Neitzke*, 490 U.S. at 327. Further, even if amendment may not be futile here, it would certainly be unwarranted given the abusive nature of Greene's repetitive filing of cases lacking federal jurisdiction or having no connection to this venue. *See infra* Section 4.

Because this action will stand dismissed, the Court will also deny Greene's motion to proceed in forma pauperis as moot.

**4.     FILING BAR**

Greene has demonstrated that he will not be deterred from filing lawsuits in improper venues and without jurisdiction simply to avoid courts that have ruled against him, nor will he be deterred from failing to cure pleading deficiencies as ordered by the Court. The actions addressed in this Order are just nine of eleven cases that Greene has filed in this District in the last six months. *See also Greene v. Access Service, Inc.*, No. 24-CV-1584-SCD (E.D. Wis. Dec. 9, 2024) and *Greene v. Weingart Care First Village*, No. 25-CV-279-JPS (E.D. Wis. Feb. 25, 2025). In fact, Greene has hundreds of pending cases in numerous district courts all over the country. PACER Case Locator, Pᴜʙ. Aᴄᴄᴇss ᴛᴏ Cᴛ. Eʟᴇᴄ. Rᴇᴄs., https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=60d81442f c6f44f39b9825d0479c52fc (last visited Apr. 22, 2025) (revealing 291 pending

cases filed by a plaintiff named Cedric Greene, across multiple federal districts). Greene's filings themselves demonstrate his abusive behavior: when requesting that the Court transfer a Nevada state court case to this branch of the Court, Greene states that the very same case has already been before courts in California, Colorado, and Tennessee, two of which issued statewide filing bans on Greene. 24-CV-1555, ECF No. 1 at 2–3. Greene also mentions the statewide filing ban he received from Colorado in another of his complaints. 24-CV-1599, ECF No. 1 at 2.

"[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). While every litigant is entitled to their day in court, they are not entitled to someone else's day in court. It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). That aim cannot be achieved if, as Greene would have it, the Court is forced to dedicate a disproportionate amount of its resources to reviewing, time and again, complaints that have no place in this District, or for that matter in any federal court. Simply put, Greene's conduct is an abuse of both the federal forum and the judicial process. He has consumed far more than his share of scarce and valuable judicial resources, and his pro se status does not "insulate h[im] from sanctions for filing . . . meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement sanctions that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse

door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-CV-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11). Based on Greene's specific form of misconduct, the Court has determined that the appropriate sanction is a $7,500.00 fine, and a filing bar until such a time as that fine is paid in full.

Greene will be barred from filing any paper in any case in this District, including new lawsuits related to different facts than those set forth in this Order, until he has fully paid the $7,500.00 fine imposed by this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Greene] is a defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (noting that motions for reconsideration fall within *Mack* bar (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999))). The Clerk of Court will be directed to return unfiled any such papers until Greene has fully paid the $7,500.00 fine.

5.      **CONCLUSION**

In light of the foregoing, the Court will adopt each of the R&Rs in full, remanding Case Nos. 25-CV-26, 25-CV-125, and 25-CV-177; dismissing Case Nos. 24-CV-1555, 24-CV-1582, 24-CV-1599, 24-CV-1672, 25-CV-236, and 25-CV-245; denying as moot Greene's motions for leave to proceed in forma pauperis in all nine actions; and denying Greene's motion for

criminal investigation. Finally, the Court has imposed on Greene what it believes to be an appropriate and narrowly tailored sanction in the form of a $7,500.00 fine and a filing bar until he fully pays that fine.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 24-CV-1555, ECF No. 7, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 24-CV-1582, ECF No. 7, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 24-CV-1599, ECF No. 7, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 24-CV-1672, ECF No. 5, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 25-CV-26, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 25-CV-125, ECF No. 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 25-CV-177, ECF No. 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 25-CV-236, ECF No. 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation in Case No. 25-CV-245, ECF No. 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 24-CV-1555, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 24-CV-1582, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 24-CV-1599, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 24-CV-1672, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 25-CV-26, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 25-CV-125, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 25-CV-177, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 25-CV-236, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for leave to proceed in forma pauperis in Case No. 25-CV-245, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Cedric Greene's motion for criminal review and investigation in Case No. 25-CV-26, ECF No. 4, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a fine of $7,500.00 shall be imposed on Plaintiff Cedric Greene, and he shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus until he fully pays the $7,500.00 fine; the Clerk of Court shall **RETURN UNFILED** any such papers;

**IT IS FURTHER ORDERED** that Case No. 25-CV-26 be and the same is hereby **REMANDED** to the appropriate Nevada state court for further proceedings;

**IT IS FURTHER ORDERED** that Case No. 25-CV-125 be and the same is hereby **REMANDED** to the appropriate Nevada state court for further proceedings;

**IT IS FURTHER ORDERED** that Case No. 25-CV-177 be and the same is hereby **REMANDED** to the appropriate Nevada state court for further proceedings;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1555 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1582 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1599 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1672 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Case No. 25-CV-236 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction; and

**IT IS FURTHER ORDERED** that Case No. 25-CV-245 be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgments in Case Nos. 24-CV-1555, 24-CV-1582, 24-CV-1599, 24-CV-1672, 26-CV-236, and 25-CV-245 accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge